# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLEN BELL** | **CIVIL ACTION** |
| **versus** | **NO. 14-869** |
| **N. BURL CAIN, WARDEN** | **SECTION: "B" (1)** |

## REPORT AND RECOMMENDATION

      This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

      On May 10, 2005, petitioner was convicted of attempted aggravated escape and simple battery.[1]  On May 27, 2005, he was sentenced on the attempted aggravated escape conviction to a term of five years imprisonment and on the simple battery conviction to a term of six months imprisonment.  On that same date he was then also found to be a fourth offender and was resentenced as such to a term of fifty years imprisonment.[2]  On May 5, 2006, the Louisiana First

---

[1] State Rec., Vol. III of VII, transcript of May 10, 2005; State Rec., Vol. I of VII, minute entry dated May 10, 2005; State Rec., Vol. I of VII, jury verdict form.

[2] State Rec., Vol. III of VII, transcript of May 27, 2005; State Rec., Vol. I of VII, minute entry dated May 27, 2005; State Rec., Vol. I of VII, Written Reasons for Judgment dated June 13, 2005.

Circuit Court of Appeal vacated the habitual offender adjudication and sentence and remanded the case for further proceedings.[3]  On April 28, 2008, after allowing the state to file an amended multiple bill of information, the state district court again found petitioner to be a fourth offender and resentenced him as such to a term of fifty years imprisonment on the attempted aggravated escape conviction, but the court failed to resentence him on the simple battery conviction.[4]  On January 12, 2009, petitioner, through counsel, filed a motion for an out-of-time appeal, and that motion was denied on February 18, 2009.[5]  However, on April 27, 2010, petitioner, through counsel, filed an application for post-conviction relief with the state district court,[6] and, based on that application, an out-of-time appeal was granted on January 20, 2011.[7]  On December 21, 2011, the Louisiana First Circuit Court of Appeal affirmed petitioner's convictions, habitual offender adjudication, and enhanced sentenced on the attempted aggravated escape conviction, but the Court of Appeal again remanded the matter the state district court  for resentencing of the simple battery conviction.[8]  His related writ application was then denied by the Louisiana Supreme Court on May 25, 2012.[9]  There

---

[3] State v. Bell, No. 2005 KA 1816 (La. App. 1st Cir. May 5, 2006); State Rec., Vol. III of VII.

[4] State Rec., Vol. I of VII, minute entry dated April 28, 2008; State Rec., Vol. III of VII, transcript of April 28, 2008; State Rec., Vol. III of VII, Written Reasons for Judgment dated April 28, 2008.

[5] State Rec., Vol. III of VII.

[6] State Rec., Vol. III of VII.

[7] State Rec., Vol. IV of VII, Reasons and Order dated January 20, 2011.

[8] State v. Bell, No. 2011 KA 0862 (La. App. 1st Cir. Dec. 21, 2011); State Rec., Vol. V of VII.

[9] State v. Bell, 90 So.3d 407 (La. 2012) (No. 2012-K-0210); State Rec., Vol. V of VII.

is no indication in the record that petitioner has ever been resentenced on the simple battery conviction.

On April 24, 2013, petitioner, through counsel, filed another post-conviction application with the state district court with respect to the attempted aggravated escape conviction.[10] That application was denied on June 17, 2013,[11] and his related writ application was likewise denied by the Louisiana First Circuit Court of Appeal on December 9, 2013.[12]  He then filed a related writ application with the Louisiana Supreme Court;[13] that writ application was docketed in Case No. 14 KP 0014 and remains pending.

On March 19, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.  In support of his petition, he asserts the following claims:

1.  Petitioner's appellate counsel was ineffective for failing to argue that the trial court erred in allowing the state to proceed on an amended multiple bill of information because that action exceeded the scope of the remand from the Court of Appeal and was barred by the doctrine of collateral estoppel;[14] and

---

[10]  State Rec., Vol. VI of VII.

[11]  State Rec., Vol. V of VII, Order dated June 17, 2013.

[12]  <u>State v. Bell</u>, No. 2013 KW1370 (La. App. 1st Cir. Dec. 9, 2013); State Rec., Vol. V of VII.

[13]  State Rec., Vol. VII of VII.

[14]  Rec. Doc. 1, pp. 17-20.

      2.     Petitioner's appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support the attempted aggravated escape conviction.[15]

The state argues that petitioner's application should be dismissed because he failed to exhaust his remedies in state court.[16]  "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.  Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition

---

[15]  Rec. Doc. 1, pp. 20-24.

[16]  Rec. Docs. 8 and 9.

were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court.  See La. Const. art. V, § 5(A).  Petitioner has filed two writ applications with the Louisiana Supreme Court challenging this state criminal judgment.  The first application, which was docketed as case number 2012-K-0210, included no claims arguing that petitioner received ineffective assistance on appeal.[17]  Although the second application, which was docketed as case number 2014-KP-0014, did include such claims,[18] petitioner's federal application is still subject to dismissal for lack of exhaustion for the following reasons.

As noted, petitioner asserts two claims in this federal proceeding.  His first claim, i.e. that his appellate counsel was ineffective for failing to argue that the trial court erred in allowing the state to proceed on an amended multiple bill of information because that action exceeded the scope of the remand from the Court of Appeal and was barred by the doctrine of collateral estoppel, was not included in his writ application in case number 2014-KP-0014 and has *never* been presented to the Louisiana Supreme Court.  The mere fact that petitioner argued that his appellate counsel was ineffective *in other respects* is insufficient to exhaust this claim that counsel was ineffective in a respect not mentioned in the writ application.  See Ogan v. Cockrell, 297 F.3d 349, 358 (5th Cir. 2002); Burns v. Estelle, 695 F.2d 847, 849-50 (5th Cir. 1983); Rick v. Cain, Civ. Action No. 12-2617, 2014 WL 880494, at *1 n.5 (E.D. La. Mar. 5, 2014); Evans v. Rader, Civ. Action No. 13-

---

[17]  A copy of that first writ application can be found in Volume VII of the state court record.

[18]  A copy of that second writ application can also be found in Volume VII of the state court record.

0196, 2013 WL 2154124, at *2 n.13 (E.D. La. Apr. 23, 2013).  Therefore, this first claim is clearly unexhausted.

Petitioner's second claim in this federal proceeding, i.e. that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support the attempted aggravated escape conviction, was presented to the Louisiana Supreme Court in his writ application in case number 2014-KP-0014.  Nevertheless, that claim is also currently unexhausted, because, at least as of the date of this Report and Recommendation, that application is *still pending* before the Louisiana Supreme Court.   See, e.g., Larrimore v. Montgomery, No. CV-13-8841, 2013 WL 6478599, at *1 (C.D. Cal. Dec. 9, 2013) ("[W]hen a federal habeas claim is still pending before a state court, a federal habeas petitioner has not met the exhaustion requirement because he has not given the state court the first opportunity to address the federal claim."); Bartley v. Beckstrom, Civil No. 7:12-cv-66, 2013 WL 149481, at *2 (E.D. Ky. Jan. 14, 2013);  Cunningham v. Green, Civ. Action No. 09-cv-02942, 2010 WL 1667786, at *2 (D. Colo. Apr. 23, 2010) ("[M]erely filing an appeal does not satisfy the fair presentation requirement."); Prior v. Hofmann, No. 1:08-cv-139, 2008 WL 5412850, at *2 (D. Vt. Dec. 29, 2008) ("Because it is undisputed that Prior's ineffective assistance claim is still pending before the Vermont Supreme Court, his state court remedies on that issue have not been exhausted.").  Therefore, petitioner also has not yet exhausted his state court remedies with respect to this second claim.[19]

---

[19]  It must be noted that, even if the Louisiana Supreme Court were to rule on the pending writ application prior to the United States District Judge acting on this Report and Recommendation, that ruling would exhaust petitioner's state court remedies only with respect to his second claim; his first claim, which was not included in that writ application, would still be unexhausted.  Accordingly, even in that circumstance, petitioner's federal application would be a mixed petition and therefore remain subject to dismissal.  Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus*

relief filed by Allen Bell be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415,

1430 (5th Cir. 1996) (en banc).[20]

New Orleans, Louisiana, this seventh day of October, 2014.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] Douglass referenced the previously applicable ten-day period for the filing of objections.
Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen
days.