UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALLEN BELL**                                          **CIVIL ACTION**

**VERSUS**                                              **NO: 14-869**

**BURL CAIN, ET. AL.**                                  **SECTION: "B"**

## ORDER AND REASONS

Before the Court is Allen Bell's ("Petitioner") petition pursuant to 28 U.S.C § 2254 for writ of habeas corpus (Rec. Doc. 1). Respondent, Burl Cain, as warden of the Louisiana State Penitentiary where Petitioner is being confined, filed an answer (Rec. Doc. 8) and memorandum in opposition (Rec. Doc. 9) to the petition. The petition was referred to Magistrate Judge Shushan, who issued a Report and Recommendation on October 7, 2014, recommending that the petition be dismissed without prejudice (Rec. Doc. 10). Petitioner filed timely objections to the Magistrate's ruling on October 20, 2014 (Rec. Doc. 23).

For the reasons enumerated below, the Magistrate's Report and Recommendation (Rec. Doc. 10) is **ADOPTED** and the instant habeas corpus petition is **DISMISSED WITHOUT PREJUDICE.**[1]

## Causes of Action and Facts of the Case

The petition arises out of Petitioner's incarceration at the Louisiana State Penitentiary. On May 10, 2005, Petitioner was

---

[1] We are grateful for work on this case By Michael Webb, a Tulane University Law School extern with our Chambers.

convicted of attempted aggravated escape and simple battery. State Rec., Vol. I of VII. On May 27, 2005, he was sentenced on the attempted aggravated escape conviction to a term of five years imprisonment and on the simple battery conviction to a term of six months imprisonment. *Id.* On that same date, he was also found to be a fourth-time habitual offender and was resentenced as such to a term of fifty years imprisonment. *Id.*

The record reflects that on June 7, 2004, Petitioner, while an inmate at the Washington Parish Jail in Franklinton, Louisiana, attacked the Deputy Sheriff assigned to dispense medication to inmates. *See State v. Bell*, No. 2011 KA 862, Judgment of First Circuit Court of Appeal, p. 3-4; State Rec., Vol. V of VII. While dispensing medication, an inmate threw bleach in the Deputy's face. *Id.* The Petitioner then struck the deputy in the forehead, knocking him down, and ran into the control room in an attempt to open the jail door and escape. *Id.* The Petitioner struggled with several responding officers, and was eventually subdued and handcuffed. *Id.*

On May 5, 2006, the Louisiana First Circuit Court of Appeal vacated the habitual offender adjudication and sentence, and remanded the case for further proceedings. State Rec., Vol. III of VII. On April 28, 2008, after allowing the state to file an amended multiple bill of information, the state district court again found Petitioner to be a fourth offender and resentenced him as such to a term of fifty years imprisonment on the attempted aggravated escape

conviction, but failed to resentence him on the simple battery conviction. State Rec., Vol. I of VII; State Rec., Vol. III of VII. On January 12, 2009, Petitioner, through counsel, then filed a motion for an out-of-time appeal, but that motion was denied on February 18, 2009. State Rec., Vol. III of VII. On April 27, 2010, Petitioner, through counsel, filed an application for post-conviction relief with the state district court, and an out-of-time appeal was granted on January 20, 2011. *Id.* On December 21, 2011, the Louisiana First Circuit Court of Appeal affirmed Petitioner's convictions, habitual offender adjudication, and enhanced sentence on the attempted aggravated escape conviction, but the Court of Appeal again remanded the matter to the state district court for resentencing on the simple battery conviction. State Rec., Vol. V of VII. On May 25, 2012, the Louisiana Supreme Court denied Petitioner's related writ application. *Id.*

On April 24, 2013, Petitioner, through counsel, filed another post-conviction application with the state district court with respect to the attempted aggravated escape conviction. State Rec., Vol. VI of VII. That application was denied on June 17, 2013. State Rec., Vol V of VII. On December 9, 2013, the Louisiana First Circuit Court of Appeal denied Petitioner's related writ application. *Id.* Petitioner then filed a related writ application with the Louisiana Supreme Court, and that writ application, docketed as Case No. 14-KP-0014, was pending at the time of the Magistrate's Report and

Recommendation. On March 19, 2014, Petitioner filed the instant federal application seeking habeas corpus relief (Rec. Doc. 1). In support of his petition, Petitioner asserts the following claims:

(1) Petitioner's appellate counsel was ineffective for failing to argue that the trial court erred in allowing the state to proceed on an amended multiple bill of information because that action exceeded the scope of the remand from the Court of Appeal and was barred by the doctrine of collateral estoppel. Rec. Doc. 1, pp. 17-20.

(2) Petitioner's appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support the attempted aggravated escape conviction. Rec. Doc. 1, at 20.

The State of Louisiana argues that this petition should be dismissed as premature, or for failure to exhaust state court remedies, or on the merits. Rec. Doc. 8 at 4.

## Law and Analysis

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) controls this Court's review of a § 2254 petition. *Hughes v. Johnson*, 191 F.3d 607, 612 (5th Cir. 1999). Under the AEDPA, when analyzing a question of fact, this Court defers to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court

4

proceeding." 28 U.S.C. § 2254 (d). In reviewing questions of law and mixed questions of law and fact under the AEDPA, this Court defers to the decision of the state court unless that decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." *Id.*

A decision is "contrary to" clearly established law when: "(1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or (2) the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to that Supreme Court decision." *Sprouse v. Stephens*, 748 F.3d 609, 616 (5th Cir. 2014) (quoting *Williams v. Taylor,* 529 U.S. 362, 405 (2000)) (internal quotation marks and brackets omitted). A decision is an unreasonable application of clearly established federal law when: "(1) the state court unreasonably applies the correct governing legal rule to the facts of the particular case, (2) the state court unreasonably extends a legal principle from circuit precedent to a new context where it should not apply, or (3) the state court unreasonably refuses to extend that principle to a new context where it should apply." *Sprouse*, 748 F.3d at 616 (quoting *Williams*, 529 U.S. at 407) (internal quotations marks and brackets omitted). Petitioner must "show that the state court applied [the law] to the facts of [his] case in an objectively unreasonable manner." *Woodford v. Viscotti*, 537 U.S. 19,

5

25, 123 S. Ct. 357, 358, 154 L. Ed. 2d 279 (2002). A state court's application of federal law is unreasonable when "reasonable jurists considering the question would be of one view that the state court ruling was incorrect. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).

This Court reviews objected-to portions of a Magistrate's Report and Recommendation de novo. Fed. R. Civ. P. 72(3). Petitioner has objected to the Magistrates's findings on Claim 1; therefore, this Court reviews the Magistrate's findings on that claim de novo. This Court reviews unobjected-to portions of a Magistrate's Report and Recommendation for clear error. 28 U.S.C. § 636(b)(1). Therefore, this Court will review the findings on Claim 2 for clear error.

**B. Failure to Exhaust Claim 1**

Petitioner argues that his appellate counsel was ineffective for failing to argue that the trial court erred in allowing the state to proceed on an amended multiple bill of information because that action exceeded the scope of the remand from the Court of Appeal and was barred by the doctrine of collateral estoppel. The Magistrate's Report and Recommendation concludes that this claim was not exhausted. Rec. Doc. 10 at 6. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal

6

rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004). "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner has filed two writ applications with the Louisiana Supreme Court challenging this state criminal judgment, the second of which, case number 2014-KP-0014, contained a claim that he received ineffective assistance of counsel on appeal. State Rec., Doc. VII of VII. However, Petitioner's first claim in this federal proceeding was never presented to the Louisiana Supreme Court. The mere fact that Petitioner argued that his appellate counsel was ineffective in other respects is insufficient to exhaust this claim that counsel was ineffective in a respect not mentioned in the writ application. *See Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir.2002); *Burns v. Estelle*, 695 F.2d 847, 849-50 (5th Cir. 1983); *Rick v. Cain*, Civ. Action No. 12-2617, 2014 WL 880494, at *1 n.5 (E.D. La. Mar. 5, 2014); *Evans v. Rader*, Civ. Action No. 13-0196, 2013 WL 2154124, at *2 n.13 (E.D. La. Apr. 23, 2013). Therefore, Petitioner's first claim is unexhausted.

Petitioner's objections to the Magistrate's Report and

7

Recommendations are unclear, because he only restates the wording of his first claim. However, in a Motion to Stay filed with regard to his second claim, Petitioner states that his goal is to retain the ability to have his claims addressed on the merits in the federal system. Rec. Doc. 11. Therefore, it seems that Petitioner's concern is that if he now attempts to comply with the exhaustion requirements, any later writ application would be dismissed as successive.

A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed. U.S.C. § 2244 (b)(1). Also, before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

The phrase "second or successive petition" is explained in *Rose v. Lundy*, where the Supreme Court held that a federal district court must dismiss habeas corpus petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 525, 102 S. Ct. 1198, 1207, 71 L. Ed. 2d 379 (1982). However, "prisoners who ... submit mixed petitions nevertheless are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims". *Id.* at 520. "[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions". *Id.* at 520-521.

8

A petition filed after a mixed petition has been dismissed under *Rose*, but before the district court has adjudicated any claims is to be treated as "any other first petition" and is not a second or successive petition. *Slack v. McDaniel*, 529 U.S. 473, 487, 120 S. Ct. 1595, 1605, 146 L. Ed. 2d 542 (2000). When a prisoner's initial habeas petition is dismissed "without prejudice" for failure to exhaust state remedies, and the district court did not adjudicate the case on the merits, then the prisoner's subsequent submission of his habeas application is not a second or successive petition. *Id.* at 485.

In the instant case, the Magistrate Judge recommends dismissal without prejudice, for failure to exhaust state remedies, and there has been no adjudication on the merits. Rec. Doc. 10. Therefore, Petitioner seemingly retains his ability to resubmit his federal habeas application, after first exhausting the remaining state remedies available to him on his first claim.

### C. Failure to Exhaust Claim 2

Petitioner's second claim is that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support the attempted aggravated escape conviction, and was presented to the Louisiana Supreme Court in his writ application, case number 2014-KP-0014. The Magistrate's Report and Recommendation concludes that this claim was not exhausted, because at the time of her Report and Recommendation, Petitioner's application was still

9

pending before the Louisiana Supreme Court. *See Larrimore v. Montgomery*, No. CV-13-8841, 2013 WL 6478599, at *1 (C.D. Cal. Dec. 9, 2013) ("[W]hen a federal habeas claim is still pending before a state court, a federal habeas petitioner has not met the exhaustion requirement because he has not given the state court the first opportunity to address the federal claim."); *Bartley v. Beckstrom*, Civil No. 7:12-CV-66, 2013 WL 149481, at *2 (E.D.Ky. Jan. 14, 2013); *Cunningham v. Green*, Civ. Action No. 09-CV-02942, 2010 WL 1667786, at *2 (D. Colo. Apr. 23, 2010) ("[M]erely filing an appeal does not satisfy the fair presentation requirement."); *Prior v. Hofmann*, No. 1:08-CV-139, 2008 WL 5412850, at *2 (D. Vt. Dec. 29, 2008) ("Because it is undisputed that [Petitioner's] ineffective assistance claim is still pending before the [State] Supreme Court, his state court remedies on that issue have not been exhausted.").

On October 31, 2014, the Louisiana Supreme Court denied Petitioner's writ application. *State v. Bell*, No. 2014-KP-0014, 152 So. 3d. 167 (La. 2014) (*writ denied*). This exhausts Petitioner's state court remedies with respect to his second claim. However, as discussed more fully above, Petitioner did not include his first claim in that writ application. "A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice." *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). Therefore, Claim 1 remains unexhausted, making the instant application a mixed petition.

With regard to Claim 2, Petitioner submitted a motion to stay in abeyance, requesting that this Court stay his federal habeas application until the Louisiana Supreme Court rules on the pending writ application, case 2014-KP-0014. Rec. Doc. 11. The Petitioner timely filed his motion on October 20, 2014; however, the Louisiana Supreme Court denied the writ application on October 31, 2014. 152 So. 3d. 167. Therefore, Petitioner's motion to stay in abeyance of the Louisiana Supreme Court's ruling has been rendered moot and warrants no further consideration. For the foregoing reasons, this petition contains both exhausted and unexhausted claims, and is **DISMISSED** without prejudice.

Accordingly, the Magistrate's Report and Recommendation is **ADOPTED** with regard to both Claims 1 and 2, the petition for issuance of a writ of habeas corpus (Rec. Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as to Claims 1 and 2, and that Petitioner's Motion to Stay in Abeyance (Rec. Doc. 11) is **DISMISSED AS MOOT.**

New Orleans, Louisiana, this 22nd day of July, 2015.

_____
UNITED STATES DISTRICT JUDGE